■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK BOEHME, Appellant.— Appeal by defendant from a judgment of the former County Court, Queens County, rendered January 13, 1960 after a jury trial, convicting him of murder in the first degree while engaged in the commisssion of a felony, and, upon recommendation of the jury, sentencing him to life imprisonment. Judgment affirmed. No opinion. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK EDWARDS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 10, 1961 after a jury trial, convicting him of manslaughter in the first degree, and imposing sentence. Judgment affirmed. In our opinion, the charge was correct. In the light of the circumstances and the defense, the term " heat of passion " as used in the statute (Penal Law, § 1050, subd. 2), was not a necessary element; and failure to charge the omnibus clause in section 1052 of the statute was not improper (*People* v. *Mussenden*, 308 N. Y. 558, 563). In any event, the charge constituted the law of the case. We would not reverse in the interests of justice, particularly since the errors, if any, did not affect any substantial right of the defendant (Code Crim. Pro., § 542). Ughetta, Acting P. J., Hill and Hopkins, JJ., concur; Kleinfeld and Rabin, JJ., dissent and vote to reverse the judgment and to grant a new trial, with the following memorandum: It is an essential element of the crime of manslaughter, in the first degree, that the crime be committed in the heat of passion (Penal Law, § 1050, subd. 2). Hence, the charge that it was not incumbent upon the prosecution to prove that the instant crime was committed in the heat of passion, was erroneous. In addition, the learned Trial Justice charged that the expression: " Better 99 guilty go free than one innocent man be unjustly convicted " was " bunk " and a " pious platitude of some old maid sop." These remarks were improper and highly prejudicial, since they tended to abrogate the basic presumption of defendant's innocence. In our opinion, under all the circumstances, the defendant was deprived of a fair trial. Accordingly, in the interests of justice, even in the absence of proper exception by counsel, the judgment of conviction should be reversed and a new trial granted (Code Crim. Pro., § 527).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT CLAYTON, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Suffolk County, dated April 7, 1961, which denied, without a hearing, his application to vacate a judgment of said court, rendered February 25, 1953 after a jury trial, convicting him of murder in the second degree, and imposing sentence. Order affirmed. No opinion. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.